UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BANCO POPULAR NORTH AMERICA,

    Plaintiff,

v.                                Case No:   6:17-mc-16-Orl-41TBS

MIGUEL D. LAUSELL,

    Defendant.

## ORDER

This case comes before the Court on the Motion for Continuing Writ of Garnishment Against Salary or Wages (Doc. 11),and Motion for Writ of Garnishment (Doc. 12) filed by Banco Popular North America ("Banco Popular"). On January 19, 2017 the United States District Court for the Southern District of New York entered judgment in favor of Banco Popular and against Miguel Lausell in the amount of $528,382.06 (Doc. 1-1). This amount includes $283,093.39 in liquidated damages; $158,900.50 in interest; $72,230.84 in additional default interest; and $14,157.33 in late fees (Id. at 2). On March 20, 2017, United States District Judge Paul G. Byron approved the registration of the foreign judgment in this district court (Docket).

    1. Continuing Writ of Garnishment Against Salary Or Wages

In satisfaction of the debt, Banco Popular may petition the Court for a continuing writ of garnishment, issued to Lausell's employer and against his salary or wages. Commc'n Ctr., 2008 WL 114920, at *1 (citing FLA. STAT. § 77.0305). The Florida Statute provides in part that,

> Notwithstanding any other provision of this chapter, if salary or wages are to be garnished to satisfy a judgment, the court

> shall issue a continuing writ of garnishment to the judgment
> debtor's employer which provides for the periodic payment of
> a portion of the salary or wages of the judgment debtor as the
> salary or wages become due until the judgment is satisfied or
> until otherwise provided by court order.

FLA. STAT. § 77.0305. Banco Popular requests continued garnishment of no more than 25% of Lausell's disposable earnings (Doc. 11-1 at 1). This percentage is consistent with the provisions of the Consumer Credit Protection Act. See 15 U.S.C. §§ 1671-1673; see also Ulisano v. Ulisano, 154 So. 3d 507, 508 (Fla. 4th DCA 2015). Therefore, Banco Popular's Motion for Continuing Writ of Garnishment Against Salary or Wages (Doc. 11) is **GRANTED**. The Clerk is **DIRECTED** to **ISSUE** the Continuing Writ of Garnishment at docket entry 11-1.

Continuing writs of garnishment on wages are subject to the federal Consumer Credit Protection Act as well as various state statutory exemptions. See FLA. STAT. § 222.11. As the debtor, Lausell carries the burden of establishing his entitlement to an exemption. Brant v. Magnificent Quality Florals Corp., No. 07-20129-CIV, 2013 WL 1289259, at * (S.D. Fla. Mar. 28, 2013) (citing In re: Parker, 147 B.R. 810, 812 (M.D. Fla. 1992)). In order to meet this burden, statute requires that Lausell be given notice that the writs of garnishment have been issued. See FLA. STAT. 77.041.

In consideration of the foregoing, the **Clerk of Court** is **DIRECTED** to attach a "Notice to Defendant" to the issued writs that complies with FLA. STAT. § 77.041. Once the writs are issued by the Clerk of Court, Banco Popular is **DIRECTED** to **MAIL** copies of the garnishment writs, copies of the motions requesting the writs, and the Notice to Lausell's last known address, pursuant to FLA. STAT. § 77.041(2).

2. <u>Writ of Garnishment</u>

As a judgment/creditor, Banco Popular is entitled to have its money judgment

satisfied through the statutory method of garnishment, but the writ must be filed in accordance with "the law of the state where the court is located," which, in this case, is Florida. Blitz Telecom Consulting, LLC v. Peerless Network, Inc., Case No. 6:14-cv-307-Orl-40GJK, 2016 WL 7134831, at *1 (M.D. Fla. April 5, 2016) (citing FED. R. CIV. P. 69(a)(1)).[1] "Under Florida law, post-judgment writs of garnishment may be issued *ex parte* and without notice to the judgment debtor." Id. (citing United Presidential Life Ins. Co. v. King, 361 So.2d 710, 713 (Fla. 1978); Commc'ns Ctr., Inc. v. Komatsu, Case No. 6:05-cv-1254-Orl-31GJK, 2008 WL 2717669, at *1 (M.D. Fla. June 27, 2008)). The writ of garnishment entitles Banco Popular to access any debt due and "any tangible or intangible personal property" of Lausell that is within the possession or control of a third person – in this case, Origami Interamerica Corporation. FLA. STAT. § 77.01. The Court may issue the writ of garnishment to the judgment creditor "either before or after the return of execution. FLA. STAT. § 77.03. All that is necessary to obtain a writ of garnishment is to "file a motion ... stating the amount of the judgment," FLA. STAT. § 77.03, which Banco Popular has done here. Banco Popular's Motion for Writ of Garnishment (Doc. 12) is therefore **GRANTED.** The Clerk is **DIRECTED** to **ISSUE** the Writ of Garnishment at docket entry 12.

---

[1] Federal Rule of Civil Procedure 69 is entitled "Execution." As a judgment/creditor, Banco Popular is entitled to execute its money judgment pursuant to FED. R. CIV. P. 69(a). See FLA. STAT. § 56.021; see also Bre Mariner Marco Town Ctr., LLC v. Zoom Tan, Inc., Case No. 2:15-cv-284-FtM-29CM, 2016 WL 6138623, at *2 (M.D. Fla. Oct. 21, 2016). Although Plaintiff seeks a writ of garnishment pursuant to the Florida garnishment statute "made applicable by Rule 69(a)," it has not petitioned the Court for the issuance of a writ of execution. The two forms of post-judgment relief are different. Bre Mariner, 2016 WL 6138623, at *2. The viability of a writ of garnishment does not depend on whether or not a writ of execution has been issued. The Court may issue the writ of garnishment to the judgment creditor "either before or after the return of execution. FLA. STAT. § 77.03.

**DONE** and **ORDERED** in Orlando, Florida on March 30, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel for Plaintiff