UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BANCO POPULAR NORTH AMERICA,

    Plaintiff,

v.                                              Case No:   6:17-mc-16-Orl-41TBS

MIGUEL D. LAUSELL,

    Defendant.

## ORDER

In January of 2017, the United States District Court for the Southern District of New York entered default judgment for Plaintiff Banco Popular North America and against Defendant Miguel D. Lausell in the amount of $528,382.06 (Doc. 1-1). Plaintiff registered the judgment in this Court (Doc. 1).

Next, Plaintiff obtained a writ of garnishment directed to The Taco Maker, Inc. (Doc. 5). The Taco Maker's Florida 2018 Foreign Profit Corporation Annual Report lists Lausell as "CHRM" of the company (Doc. 10-5). Plaintiff also alleges that according to The Taco Maker's website, Lausell "was one of the original entrepreneurs that brought the brand to America in 2006." (Doc. 10, n. 1).

In its answer to the writ of garnishment, filed and served by its attorney, Michael Stegawitz, The Taco Maker said it did not employ Lausell and was not indebted to him for salary or wages (Doc. 9). Suspicious, Plaintiff served a subpoena, issued out of this Court, directing The Taco Maker to produce:

> All correspondence, financial documents, pay stubs, agreements, or other documents relating to Miguel Lausell's employment and/or ownership interest in Taco Maker, Inc.

> including but not limited to stock certificates, operating
> agreements, and employment agreements.

(Doc. 10-1 at 1). The subpoena was served on The Taco Maker's registered agent on April 11, 2017 (Doc. 10-2). Nobody has filed an objection to the subpoena, a motion to quash it, or for the entry of a protective order precluding the discovery.[1]

Stegawski notified Plaintiff's counsel that his firm had been engaged to assist in the preparation of The Taco Maker's response to the subpoena (Doc. 21-3 at 2). He asked for additional time, and for the entry of a protective order "to allow production of confidential information." (Id.). Plaintiff agreed to an extension until August 9, 2017 to produce the information, and to the protective order (Doc. 10, ¶ 7). By agreement, the protective order was entered in a related case pending in the United States District Court for the District of Puerto Rico (Doc. 10-4 at 1).

Plaintiff alleges that The Taco Maker has not produced any documents in response to the subpoena (Doc. 10, ¶ 8). Plaintiff seeks an order compelling the production, and for the taxation of its attorney's fees and costs against The Taco Maker and Stegawski, pursuant to FED. R. CIV. P. 37(a)(5)(A) (Id.).

After receiving Plaintiff's motion to compel, Stegawski sought leave to withdraw as counsel for The Taco Maker (Doc. 15). His motion references unspecified professional considerations which he argued, required the termination of his representation (Id., ¶ 8). The Court granted the motion (Doc. 18). However, it directed that Stegawski remain in the case as an interested party, to defend himself against Plaintiff's claim for fees and costs (Id.).

Stegawski asserts that while representing The Taco Maker he has done nothing

---

[1] A protective order has been entered, but only to protect the confidentiality of information produced in response to the subpoena.

- 2 -

that was unprofessional, and he argues that Plaintiff is not entitled to recover sanctions from him (Doc. 21 at 4-6). Stegawski also contends that Plaintiff's motion is flawed because it relies on Rule 37 (Id., at 6-8). He maintains that this controversy is in fact, governed by Rule 45 (Id.). Lastly, Stegawsi argues that he is entitled to recover his fees and costs from Plaintiff (Id., at 9-10).

The Taco Maker has adopted Stegawski's argument that this dispute is controlled by Rule 45. It also contends that it is entitled to recover its attorney's fees and costs from Plaintiff pursuant to Rule 37(a)(5)(B) (Doc. 22). Notably, The Taco Maker's new attorney states that she,

> is in the process of reviewing all documents pertinent to the subpoenas issued by Petitioner under the instant case and the matter in the District of Puerto Rico, and intends to respond to the same on or before Monday, May 7, 2018. As notified to counsel for Petitioner via electronic mail, TTM is working to comply with the referenced subpoenas and resolve this matter as soon as possible.

(Id., n. 1).

It is undisputed that Plaintiff's subpoena was properly served on The Taco Maker. The Court also finds that the information Plaintiff seeks is relevant to the satisfaction of its judgment. There are no objections to the subpoena, and a protective order has already been entered to address The Taco Maker's concern about confidentiality.

The Taco Maker has failed to obey a properly served subpoena. When a non-party fails to obey a valid subpoena, the Court may hold that non-party in contempt. FED. R. CIV. P. 45(g). However, as the Advisory Committee Notes to Rule 45 explain "[i]n civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena …."

Plaintiff's failure to proceed under Rule 45 does not change the fact that it seeks an order compelling compliance with the subpoena. That part of Plaintiff's motion to compel is **GRANTED**. No later than May 14, 2018, The Taco Maker shall produce to Plaintiff, all information responsive to the subpoena. If the Taco Maker does not produce all responsive information by May 14, 2018, then it shall show cause it writing, no later than May 21, 2018, why it should not be held in contempt and sanctioned by the Court for failing to comply with the subpoena and this Order.

Plaintiff also seeks the taxation of attorney's fees and costs against Stegawitz and The Taco Maker. They in turn, seek their fees and costs from Plaintiff. In Bailey Industries, Inc. v. CLJP, Inc., 270 F.R.D. 662, 672 (N.D. Fla. 2010), the Court observed that "there is no provision in Rule 45 for an award of expenses for bringing" a motion to compel production of documents pursuant to a non-party subpoena. The Court also noted that "Rule 37(a) does not appear to govern motions to compel production of documents made pursuant to Rule 45." Id. Now, Plaintiff's motion for an award of attorney's fees and costs from Stegawitz and The Taco Maker is **DENIED**. Their corresponding requests to recover fees and costs from Plaintiff are also **DENIED** because the Court is not persuaded that an award would be just in these circumstances.

**DONE** and **ORDERED** in Orlando, Florida on May 1, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties